**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **DENTAL USA, INC.**, an Illinois corporation,<br><br>Plaintiff,<br><br>v.<br><br>**BEAK & BUMPER, LLC**, a Michigan limited liability company, and **END PRODUCT RESULTS, LLC**, a Michigan limited liability company d/b/a Golden Dental Solutions<br><br>Defendant. | ) | Case No.____________<br><br>**JURY DEMAND** |

**COMPLAINT**

Plaintiff Dental USA, Inc. (hereinafter, "Dental USA"), by its undersigned representative, complains of Defendants Beak & Bumper, LLC (hereinafter, "B&B") and End Product Results, LLC d/b/a Golden Dental Solutions (hereinafter, "EPR") and states as follows:

**NATURE OF THIS CASE**

1. This case involves threats of litigation surrounding a utility patent issued to Dr. Richard Golden and, on information and belief, assigned to B&B and then exclusively licensed to EPR, and the resulting need for an adjudication regarding the relevant rights of the parties and the validity of the asserted patent.

2. This declaratory judgment action is further necessitated because Dr. Golden and B&B has alleged that Dental USA is infringing the patent.

3. As such, Dental USA is entitled to a declaratory judgment to clear the air regarding its rights to sell the allegedly infringing products.

## PARTIES

4. Plaintiff Dental USA is an Illinois corporation with its principal place of business located at 5005 McCollum Lake Road, McHenry Illinois 60050.

5. On information and belief defendant B&B is a Michigan limited liability company with its principal place of business located at 18525 Moross Road, Detroit, Michigan 48224.

6. On information and belief, defendant EPR, is a Michigan limited liability company doing business as Golden Dental Solutions and having its principal place of business located at 18525 Moross Road, Detroit, Michigan 48224.

## JURISDICTION AND VENUE

7. This is an action for declaratory judgment of non-infringement of a patent and for invalidity of that patent.

8. An actual case or controversy has arisen between the parties because Defendants have accused Dental USA of infringing upon the patent at issue

9. The actions taken by Defendants have and will continue to cause injury to Dental USA and the threat of further litigation from Defendants raises a cloud of doubt about Dental USA's right to sell its products.

10. As such, and for the additional reasons outlined below, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338 (patents) and/or 28 U.S.C. § 2201 (Declaratory Judgment Act).

11. This Court has personal jurisdiction over Defendants pursuant to the Illinois Long Arm Statute, 735 ILCS 5/2-209(a)(1), and (c) because, among other things, Defendants transact business in this judicial district, at least by offering to sell, selling and/or advertising their

products and/or services at trade shows in Chicago, IL and through the Internet in such a way as to reach customers in Illinois and this district.

12. On information and belief, Defendants have offered to sell, sold, and/or advertised their products at the Chicago Dental Society Midwinter Meeting in the State of Illinois and this district at least on February 21-24, 2013 and on the interactive website located at www.physicsforceps.com thereby purposely availing themselves of the privilege of conducting business in the State of Illinois and in this district.

13. Defendants have also caused injury to Plaintiff in Illinois and this district.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 at least because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTS ABOUT THE PATENT IN DISPUTE

15. On information and belief, B&B is the owner, through assignment from the inventor, of U.S. Patent No. 6,910,890 (the '890 patent, attached hereto as Exhibit A).

16. On information and belief, EPR is the exclusive licensee of the '890 patent and has the right to sue to enforce the B&B patent.

17. B&B and EPR have made multiple assertions that Dental USA's product known as the Power Elevators™ infringes the '890 patent.

18. B&B has sent cease and desist letters alleging that the Power Elevators™ infringe the '890 patent.

19. The principal controller of B&B and EPR, Dr. Golden, has filed claims in arbitration, without proper subject matter jurisdiction, alleging that the Power Elevators™ infringe the '890 patent.

20. Further, B&B has improperly tried to step in on behalf of Dr. Golden, in a failed attempt to cure the lack of subject matter jurisdiction and to assert the '890 patent against Dental USA in that arbitration.

21. These threats raise a cloud of uncertainty regarding Dental USA's right to market and sell the Power Elevators™.

**COUNT I - Declaratory Judgment of No Patent Infringement**

22. Plaintiff reincorporates and realleges the allegations contained in paragraphs 1- 21 above as if fully restated herein.

23. Neither the Power Elevators™ sold by Dental USA, nor the method of using those products infringe any valid and enforceable claim of the '890 patent.

24. As such, the Power Elevators™ do not infringe upon the '890 patent.

**COUNT II – Declaratory Judgment that U.S. Patent 6,910,890 is invalid**

25. Plaintiff reincorporates and realleges the allegations contained in paragraphs 1-24 above as if fully restated herein.

26. The '890 claims a method of extracting a tooth using a specified dental instrument.

27. On information and belief, the subject matter of the '890 patent was well known in the relevant art before the alleged invention thereof by Dr. Golden.

28. On information and belied, the steps claimed in the '890 patent were in common use before the alleged invention thereof by Dr. Golden.

29. As such, each claim of the '890 patent is either anticipated or rendered obvious by one or more known references.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Dental USA, Inc. prays for a judgment as follows:

A. That the Court enter a judgment declaring that Plaintiff's sales of the Power Elevators™ does not constitute infringement of U.S. Patent No. 6,910,890.

B. That the Court enter a judgment declaring that U.S. Patent 6,910,890 is invalid and unenforceable.

C. For such other and further relief as the Court may deem proper.

**JURY DEMAND**

Plaintiff respectfully requests a trial by jury.

DATED: April 5, 2013

Respectfully Submitted,

Edward L. Bishop
ebishop@bishoppatents.com
Nicholas S. Lee
nlee@bishoppatents.com
Bishop & Diehl, Ltd.
1750 E. Golf Road, Suite 390
Schaumburg, IL 60173
T: (847) 969-9123
F: (847) 969-9124

*Counsel for Dental USA, Inc.*