IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DENTAL USA, INC. | ) |
| Plaintiff, | ) |
| v. | ) No. 13 C 2581 |
| | ) |
| BEAK & BUMPER, LLC, and | ) Judge Virginia M. Kendall |
| END PRODUCT RESULTS, LLC, | ) |
| d/b/a Golden Dental Solutions, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Dental USA, Inc. ("Dental USA") filed a two-count complaint against Defendants Beak & Bumper, LLC ("B&B") and End Product Results, LLC, d/b/a Golden Dental Solutions ("EPR" and, together with B&B, "Defendants") seeking a declaratory judgment of no patent infringement (Count I) and that U.S. Patent No. 6,910,890 ("the '890 patent") is invalid (Count II). Defendants move to dismiss both counts of Dental USA's Complaint on the basis of the terms of a pre-existing settlement agreement and, in the alternative, for lack of personal jurisdiction. For the reasons stated below, the Court grants Defendants' motion and dismisses this case with prejudice.

## BACKGROUND

The following facts are taken from Dental USA's Complaint and are assumed to be true for purposes of this Motion to Dismiss, and all reasonable inferences drawn in Dental USA's favor. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). B&B is the owner of the '890 patent through assignment from the inventor Dr. Richard Golden. (Complaint, ¶¶ 1, 15.) EPR is the exclusive licensee of the '890 patent from B&B and has the right to sue to enforce it. (*Id.* ¶¶ 1, 16.) Golden controls B&B and EPR. (*Id.* ¶ 19.) The '890 patent is a dental appliance and associated method patent for removing teeth from a patient's gum line and bone. (*Id.* at Ex. A.)

B&B has sent cease & desist letters alleging that Dental USA's product known as the Power Elevators infringes the '890 patent. Golden and B&B have also filed claims in arbitration alleging that Power Elevators infringes the '890 patent. (*Id.* ¶ 19, 20.)

Subsequent to the claims filed in arbitration, Dental USA filed this lawsuit asking for a declaratory judgment that Dental USA does not infringe the '890 patent. (*Id.* ¶¶ 15-29.) Specifically, the Complaint alleges that "a cloud of uncertainty regarding Dental USA's right to market Power Elevators™" has been raised by the patent infringement claims filed by Golden in arbitration. (*Id.* ¶ 21.)

*The 2009 Settlement Agreement*[1]

In 2009, Golden and Jang H. Lim d/b/a Dental USA entered into a settlement agreement (the "Settlement Agreement"). (Brief in Support of Motion to Dismiss at Ex. C). The Settlement Agreement settled a then-pending infringement action brought by Golden against Lim in the United States District Court for the Eastern District of Michigan. (Settlement Agt. at Preamble; *see also* Brief at Ex. B). The Settlement Agreement contains the following clauses:

> 6. <u>Validity</u>. LIM acknowledges the validity of the GOLDEN PATENTS.
>
> 7. <u>Infringement</u>. LIM agrees not to infringe the GOLDEN PATENTS in the future.
>
> 8. <u>Persons Bound</u>. This Agreement shall be binding not only on GOLDEN and LIM, but also on any and all business controlled by LIM or GOLDEN specifically including, but not limited to Dental USA, Inc.
>
> 11. <u>Arbitration</u>. Any and all disputes regarding this Agreement between LIM and GOLDEN shall be resolved by binding arbitration before the American Arbitration Association. The location of any such arbitration shall be in Oakland County, Michigan.

---

[1] When considering dismissal for improper venue under Fed. R. Civ. P. 12(b)(3), including dismissal due to binding arbitration required in a different district, the district court is "not obligated to limit its consideration to the pleadings nor to convert the motion to one for summary judgment." *See Continental Cas. Co. v. American Nat. Ins. Co.*, 417 F.3d 727, 733 (7th Cir. 2005).

(Settlement Agt. at §§ 6, 7, 8, 11). "GOLDEN PATENTS" is defined in the Settlement Agreement to include, among others, the '890 Patent. (Settlement Agt. at Preamble).

## DISCUSSION

Defendants move for dismissal of this action on grounds of the pre-existing binding arbitration clause in the Settlement Agreement that governs all claims in the Complaint and requires them to be arbitrated in a different district. While Defendants do not reference a specific subsection of FRCP 12(b) for dismissal on the basis of these facts, dismissal of a case due to the presence of binding arbitration requirements referencing a different district falls under Rule 12(b)(3). *Continental Cas. Co. v. American Nat. Ins. Co.*, 417 F.3d 727, 733 (7th Cir. 2005) (district court properly proceeded under Rule 12(b)(3) – improper venue – when disposing of a case due to an arbitration clause requiring arbitration in a different district.)

The FAA states, "an agreement in writing to submit to arbitration .... shall be valid, irrevocable, and enforceable, save upon grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (2006). The enforcement of arbitration agreements is supported by a federal policy favoring arbitration. *See Nitro-Lift Techs., L.L.C. v. Howard*, 133 S.Ct. 500, 503 (2012) (the FAA "declares a national policy favoring arbitration"); *see also Shearson/American Express, Inc. v. McMahon,* 482 U.S. 220, 226 (1987) (the FAA "establishes a federal policy favoring arbitration, requiring that we rigorously enforce agreements to arbitrate") (internal quotations and citations omitted). The FAA governs the "enforcement, validity, and interpretation of arbitration clauses in commercial contracts in both state and federal courts" *Int'l Ins. Co. v. Caja Nacional de Ahorro y Seguro*, 293 F.3d 392, 395 (7th Cir. 2002) (quoting *Jain v. De Mere,* 51 F.3d 686, 688 (7th Cir. 1995)). With respect to such contracts, "parties that opt for

arbitration trade the formalities of the judicial process for the expertise and expedition associated with arbitration." *Lefkovitz v. Wagner,* 395 F.3d 773, 780 (7th Cir. 2005).

When an issue in controversy is covered by a valid arbitration agreement, the FAA requires courts to stay or dismiss proceedings and to compel arbitration. 9 U.S.C. §§ 3, 4; *AT&T Mobility LLC v. Concepcion,* 131 S.Ct. 1740, 1748 (2011). Dismissal under Fed. R. Civ. P. 12(b)(3), as opposed to an order compelling arbitration, is proper when an agreement requires arbitration in another district. *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 808 (7th Cir. 2011) ("[A] Rule 12(b)(3) motion to dismiss for improper venue, rather than a motion to stay or to compel arbitration, is the proper procedure to use when the arbitration clause requires arbitration outside the confines of the district court's district."); *Cont'l Cas. Co.*, 417 F.3d at 733. Even absent a contractual provision mandating that arbitration occur in a different district, a number of circuits other than the Seventh Circuit have found that there is "a judicially-created exception to the general rule which indicates district courts may, in their discretion, dismiss an action rather than stay it where it is clear the entire controversy between the parties will be resolved by arbitration." *Green v. SuperShuttle Int'l, Inc.,* 653 F.3d 766, 769–70 (8th Cir. 2011); *see also Soto–Fonalledas v. Ritz–Carlton San Juan Hotel Spa & Casino,* 640 F.3d 471, 473 (1st Cir. 2011); *Ozormoor v. T–Mobile USA, Inc.,* 354 F. App'x 972, 975 (6th Cir. 2009); *Poteat v. Rich Prods. Corp.,* 91 F. App'x 832, 835 (4th Cir. 2004); *Fedmet Corp. v. M/V BUYALYK,* 194 F.3d 674, 678 (5th Cir. 1999). The Seventh Circuit has not specifically addressed the issue, but a number of courts within this district have found that the Seventh Circuit would recognize this judicially-created exception. *See, e.g., Johnson v. Orkin, LLC,* No. 12 C 141, 2013 WL 828506, at *15 (N.D.Ill. Mar. 6, 2013); *Denari v. Rist,* No. 10 C 2704, 2011 WL 332543, at *11 (N.D.Ill. Mar. 24, 2011); *Reineke v. Circuit City Stores, Inc.,* No. 03 C 3146, 2004 WL 442639, at *5

(N.D.Ill. Mar. 9, 2004); *Dalope v. United Health Care of Ill.,* No. 03 C 8918, 2004 WL 2325688, at *2 (N.D.Ill. Oct. 8, 2004). Indeed, the Seventh Circuit has repeatedly affirmed district courts' decisions to dismiss suits where all claims are arbitrable. *See, e.g., Baumann v. Finish Line, Inc.,* 421 F. App'x 632, 636 (7th Cir. 2011); *Am. Int'l Specialty Lines Ins. Co. v. Elec. Data Sys. Corp.,* 347 F.3d 665, 668 (7th Cir. 2003); *McCaskill v. SCI Mgmt. Corp.,* 298 F.3d 677, 679 (7th Cir. 2002).

After parties have entered into an agreement to arbitrate, the only issues a court may properly decide are threshold questions of substantive arbitrability: (1) whether the parties are bound by a given arbitration agreement; and (2) whether an arbitration clause in a binding contract applies to a particular type of controversy. *See, e.g., Marzano v. Proficio Mortg. Ventures, LLC*, 2013 WL 1789779 (N.D. Ill. April 25, 2013) (citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002)). Courts are to uphold and enforce arbitration agreements according to their terms unless they are invalidated by "generally applicable contract defenses, such as fraud, duress, or unconscionability." *AT&T Mobile v. Concepcion*, 131 S.Ct. 1740, 1745–46 (2011) (internal citations and quotation marks omitted). The FAA establishes, as a matter of federal law, that any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Moses H. Cone Mem 7 Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24–25 (1983).

In the instant case, Golden and Lim have entered into a binding arbitration agreement via the Settlement Agreement. Turning to substantive arbitrability of the claims before this Court, both threshold questions of substantive arbitrability have been satisfied. Contrary to Dental USA's contention that there is no evidence that the parties to this action are bound by the Settlement Agreement, the Settlement Agreement explicitly provides that it shall be binding not just on signatories Golden and Lim, but also "on any and all businesses controlled by" Lim or

Golden. (Settlement Agt. at § 8). The Settlement Agreement in its preamble acknowledges that Lim does business as Dental USA; by the terms of the Complaint, Dental USA has acknowledged that Defendants are businesses controlled by Golden. (Cmplt. at ¶19). Therefore, the Settlement Agreement and its provisions for arbitration in Michigan are binding on the parties to this action. As to whether the arbitration provision in the Settlement Agreement applies to the instant controversy, the Settlement Agreement specifically defines the '890 Patent as one of the patents subject to terms of the Settlement Agreement, and both counts of Dental USA's complaint expressly concern the validity and the infringement of the '890 Patent.

Dental USA's final response to arbitration, that Defendants have waived their right to arbitrate by filing the motion to dismiss with prejudice, fails. "[A] party does not waive its right to arbitrate merely by filing a motion to dismiss." *Faulkenberg*, 637 F.3d at 807 (quoting *Halim v. Great Gatsby's Auction Gallery, Inc.,* 516 F.3d 557, 562 (7th Cir. 2008). Dental USA cites *Kawasaki Heavy Indus. v. Bombardier Rec. Prods.*, 660 F.3d 988, 994 (7th Cir. 2011) and *St. Mary's Med. Ctr., Inc. v. Disco Aluminum Prod. Co.*, 969 F.2d 585, 589 (7th Cir. 1992) as support for waiver. But the *Kawasaki* court in fact held that the defendant did not waive its right to arbitrate by filing a motion to dismiss or stay proceedings. *Kawasaki*, 660 F.3d at 994-96. Specifically, the defendant in *Kawasaki* did not commit to a non-arbitral resolution of its dispute because it "merely responded to [a] motion to reopen litigation, which cannot be characterized as a choice for judicial resolution of the dispute." *Id*. at 995. Here, the Defendants merely responded to a two-count complaint, which should not be characterized as a choice for judicial resolution of this dispute.

The holding in *St. Mary's* also does not help Dental USA. There, the court differentiated between a mere motion to dismiss, as was filed here, and a motion for summary judgment, the

6

latter of which constituted a decision to proceed with litigation. *St. Mary's*, 969 F.2d at 589. The party seeking arbitration in *St. Mary's* did so only after ten months of participation in the litigation and after its motion to dismiss or for summary judgment – a decision on the merits – was denied. *Id*. In the instant declaratory judgment case, the Defendants moved to dismiss this action within the first 30 days after the filing of the complaint on grounds of a binding arbitration clause for a district other than this one. Consequently, *St. Mary's* is distinguishable, and neither case cited by Dental USA establishes waiver here.

Because Defendants and Dental USA Golden entered into a settlement agreement that contains an arbitration provision requiring arbitration in a different district, this case is dismissed for improper venue pursuant to Rule 12(b)(3). As dismissal for improper venue is proper, the Court will not address alternative grounds of dismissal of lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). The Court also declines to address Defendants' request for sanctions, as it is improperly raised.[2]

## CONCLUSION AND ORDER

For the reasons stated, Defendants' Motion to Dismiss with prejudice is granted.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: July 16, 2013

---

[2] Fed. R. Civ. P. 11(c)(2) provides, in part, that "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)."